U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 6 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CALVIN BATISTE<br>28813-034 | CIVIL ACTION NO. 06-0657 |
| VS. | SECTION P |
| FREDERICK MENIFEE | JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by *pro se* petitioner Calvin Batiste on April 18, 2006. Batiste is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is presently incarcerated at the Federal Prison Camp, Pollock, Louisiana where he is serving a 60 month sentence imposed following his November 2004 conviction for possession with intent to distribute cocaine in the United States District Court for the Eastern District of Louisiana. Petitioner claims that the BOP has arbitrarily and capriciously denied him entry into the BOP's Residential Drug Abuse Treatment Program (RDAP).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## **STATEMENT OF THE CASE**

On November 17, 2004 petitioner pled guilty to possession with intent to distribute cocaine (18 U.S.C. §841) in the United States District Court for the Eastern District of Louisiana. He was sentenced to serve 60 months in custody. He was assigned to the Federal Prison Camp, Pollock, Louisiana for the purpose of serving his sentence.

Sometime prior to October 2005 his request for entry into the 500 hour RDAP was denied on the grounds that his pre-sentence investigation report (PSI) did not demonstrate the presence of a drug abuse problem.

Petitioner then filed an informal administrative remedy procedure grievance (BP-8) and provided a letter from his personal physician dated September 14, 2005. This letter, signed by Dr. R.E. Goldsby opined that petitioner had a "serious drug problem" during the months preceding petitioner's arrest; he concluded his letter with his opinion that petitioner "... receive any and all drug treatment available to him..." [doc. 1-3, pp. 10-11]

On October 26, 2006 Correctional Counselor R.A. Smith and Camp Administrator J. Haschemeyer responded to petitioner's grievance and noted, "... the letter you provided from your family Doctor does not state that you were ever in treatment with that Doctor for your drug addiction. Therefore, it cannot be used

as reason for you to be submitted into the 500-hour RDAP." [*id.*, p. 10]

Petitioner appealed to the Warden by filing a grievance on November 1, 2005. [*id.*, p. 7] On November 10, 2005 Warden Menifee responded to the grievance and noted,

> An investigation into your complaint revealed that Psychology staff have closely reviewed your PSI and the letter you provided from your family physician. The physician was contacted and it was found that while he suggested you receive substance abuse treatment, he did not diagnose or treat you for substance abuse. Additionally, your PSI does not provide sufficient evidence of substance abuse. Psychology staff have reviewed the documentation with you and explained what is needed in order to verify a substance abuse problem.
>
> Program Statement 5330.10, Chapter 5, states that the inmate must have a verifiable documented drug abuse problem and the inmate must meet diagnostic criteria for substance abuse or dependence. This diagnosis must be verified in the PSI or other similar documents which support the diagnosis. Although your letter you submitted from your family physician states you had a drug problem, it does not meet the diagnostic criteria required by policy. [*id.*, p. 8]

On November 25, 2005 petitioner appealed the Warden's decision to the Regional Administrator. [*id.*, p. 5] He enclosed a second letter from Dr. Goldsby dated November 21, 2005, which stated in part,

> There may be a misunderstanding, as I was never contacted by any board concerning your receiving substance abuse treatment. I have not replied to any questions concerning this

> allegation. I did observe after his high
> school career and short college career the
> patient began deteriorating as regard his
> physical and mental state. I saw him for
> variance of things in the office, which were
> minor in nature however at the same time I
> observed him to be very nervous, losing
> weight, acting somewhat inappropriately, and
> being somewhat aggressive. I felt he was on
> some type drug at the time however I ran no
> laboratory studies to substantiate this only
> observed and examined the patient. I feel I
> can make a statement saying that he was
> probably on substances inappropriately and
> should have received treatment. I can state
> without qualification that I feel he had a
> major drug problem at that time. [*id.*, p. 12]

On February 6, 2006, Regional Director G. Maldonado, Jr. replied,

> Program Statement 5330.10, Drug Abuse Program
> Manual, Inmate, specifies the requirements
> for RDAP admission. These requirements state
> that the inmate must have a verifiable
> documented drug abuse problem, based on
> criteria indicated in the Diagnostic and
> Statistical Manual of Mental Disorders,
> Fourth Edition (DSM IV). The DSM IV indicates
> a diagnosis of substance abuse or dependence
> is based on maladaptive substance use, with
> clinically significant impairment or
> distress, during a specific 12 month period.
> Your Presentence Investigation does not
> provide any evidence of a substance abuse
> problem. The additional documentation you
> submitted (a letter from Dr. Goldsby)
> references a suspicion of drug abuse after
> high school and your short college career.
> This is not sufficient to meet DSM IV
> diagnostic criteria for substance abuse or
> dependence. [*id.*, p. 6]

On February 17, 2006 petitioner appealed to the Central Office. [*id.*, p. 3] On March 29, 2006, Harrall Watts,

Administrator of National Inmate Appeals rejected the appeal and noted,

> A careful review of your case reveals the statements in your Presentence Investigation Report and the additional documentation from your physician do not sufficiently support that you had a substance use-related disorder in the twelve months prior to your incarceration. We do not find, nor have you provided, any evidence to substantiate your allegation that staff falsely advised the Warden they had contacted your doctor and he stated you had not been diagnosed with a drug problem. The documentation you submit with your appeal from your physician even indicates he felt you were 'probably on substances inappropriately and should have received treatment,' but he ran no laboratory studies to substantiate this. [*id.*, p. 4]

Petitioner was, however, encouraged to participate in nonresidential drug abuse treatment services available through the prison. [*id.*]

Petitioner availed himself of those opportunities and on April 10, 2006 he completed the 40 hour drug education program offered at prison. [*id.*, p. 2]

Petitioner filed his habeas corpus petition on April 18, 2006.

## **LAW AND ANALYSIS**

An inmate's eligibility for participation in RDAP, the determination of whether an inmate has successfully completed the program, and the amount, if any, of reduction of sentence earned by successful completion of the program, are all matters left to

the discretion of the BOP. See Lopez v. Davis, 521 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes the drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); see also Wottlin v. Fleming, 36 F.3d 1032, 1035 (5th Cir.1998) ("Section 3621(e)(2(B) explicitly leaves sentence reductions to the discretion of the BOP."); Tasby v. Pratt, 2002 WL 1160071, *4 (N.D.Tex. May 29, 2002) ([A] "decision to exclude [prisoners] from consideration for early release is a valid exercise of the Bureau's discretion.").

There is no constitutional or statutory violation committed by the BOP in either its promulgation of Program Statement 5330.10 or its application to petitioner. The interpretation and application of the Program Statement represents a permissible exercise of the BOP's discretion and an acceptable interpretation of 18 U.S.C. § 3621(e).

There has clearly been no violation of due process shown here. By virtue of a valid criminal conviction and subsequent legal confinement, a prisoner loses his expectation of liberty. See Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). In order to invoke pre-deprivation procedural due process protections, a prisoner must first establish that he has been subjected to "atypical and significant hardship ... in

relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The Constitution does not create a protected liberty interest in the expectation of substance abuse treatment. Compare Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); see also Jago v. Van Curen, 454 U.S. 14, 18, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981) (even a mutually explicit understanding that inmate would be paroled does not create liberty interest). There is no protected liberty interest in the discretionary early release for completing the RDAP program. See, e.g., Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir.2000); Venegas v. Henman, 126 F.3d 760, 765 (5th Cir.1997); Jacks v. Crabtree, 114 F.3d 983, 986, n. 4 (9th Cir.1997); Fonner v. Thompson, 955 F.Supp. 638, 642 (N.D.W.Va.1997).[1]

Finally, even assuming that petitioner has a liberty interest in participating in RDAP, he has not shown that the decision denying him eligibility was arbitrary or capricious.

18 U.S.C. § 3621(b) provides in part:

    (5) Definitions.-As used in this subsection-

---

[1] Richardson v. Joslin, 397 F.Supp.2d 830 (ND Tex 2005), cited by petitioner is inapposite. The *habeas* petitioner in Richardson was deemed eligible for RDAP, however, despite his successful completion of the program, he was denied early release as promised by the statute. Since the court determined that the petitioner was otherwise eligible for early release and that BOP's application of a program statement to his case was arbitrary and capricious, *habeas* relief was granted.

8

. . .

> (B) the term "eligible prisoner" means a
> prisoner who is—
> (i) determined by the Bureau of Prisons to
> have a substance abuse problem; and
> (ii) willing to participate in a residential
> substance abuse treatment program; . . .
> [18 U.S.C. § 3621(e)(1, 5)]

The discretion of the BOP in determining eligibility for treatment is virtually unlimited; indeed, Congress refused to specify the criteria which the BOP must apply in determining who is eligible for treatment. Therefore, the BOP adopted a regulation establishing such criteria. See 28 C.F.R. § 550.56 (1995). This administrative rule implementing § 3621(e)(1) provides, in relevant part:

> (a) Eligibility. An inmate must meet all of
> the following criteria to be eligible for the
> residential drug abuse treatment program.
> (1) The inmate must have a verifiable
> documented drug abuse problem.
>
> * * *
>
> (b) Application/Referral/Placement . . . The
> decision on placement is made by the drug
> abuse treatment coordinator. 28 C.F.R.
> § 550.56 (1995).

The BOP formalized its interpretation of the regulation in Program Statement 5330.10, which provides, in relevant part:

> 5.4 Program Procedures
> 5.4.1 [(a) Eligibility. An inmate must meet
> all the following criteria to be eligible for
> the residential drug abuse program.
> (1) The inmate must have a verifiable
> documented drug abuse problem.] Drug abuse
> program staff shall determine if the inmate

> has a substance abuse disorder by first conducting the Residential Drug Abuse Eligibility Interview followed by a review of all pertinent documents in the inmate's central file to corroborate self-reported information. The inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the Diagnostic and Statistical Manual of the Mental Disorders, Fourth Edition, (DSM-IV). This diagnostic impression must be reviewed and signed by a drug abuse treatment program coordinator. <u>Additionally, there must be verification in the Pre-sentence Investigation (PSI) Report or other similar documents in the central file which supports the diagnosis.</u> Any written documentation in the inmate's central file which indicates that the inmate used the same substance, for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem. Program Statement 5330.10, Drug Abuse Programs Manual, Ch. 5, § 5.4.1 (May 17, 1996)

The DSM-IV criteria for substance abuse or dependence require that at least three of the symptoms listed in the criteria occur in the same twelve-month period. Based upon this criteria, the BOP examines the twelve-month period immediately preceding the inmate's instant offense to determine if documentation exists to support a claim of drug or alcohol use.

Petitioner has not shown that his eligibility interview, PSI, or the letters from his personal physician supported a DSM-IV diagnosis of illegal substance abuse or dependence. While Dr. Goldsby opined that petitioner had a "drug problem" and recommended that petitioner participate in a drug abuse program, he did not indicate that petitioner met the diagnostic criteria

for substance abuse or dependence in the DSM-IV, and he did not recommend a residential drug abuse program.

Contrary to Petitioner's contention, the BOP's practice of requiring documentation in the file to support a DSM-IV diagnosis is not contrary to Program Statement 5330.10; it is an explicit requirement of the program statement. Furthermore, the requirement of written documentation is not an impermissible or unreasonable interpretation of § 3621(e)(1); it is a permissible exercise of the BOP's statutory discretion.

Finally, petitioner has failed to demonstrate that the BOP applied Program Statement 5330.10 to him in an arbitrary manner. Petitioner has failed to show that his eligibility interview supported a DSM-IV diagnosis of substance abuse or dependence, or that there was verifiable documentation of any illegal substance use during the twelve-month period preceding the commission of his offense.

Thus, he has failed to establish that the BOP imposed eligibility requirements in addition to those set forth in the statute and program statements, or that the BOP otherwise abused its discretion in denying him eligibility for RDAP.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE